UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| CYNTHIA DRAPER | CIVIL ACTION NO. 15-1968 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| WILLIS KNIGHTON MEDICAL CENTER D/B/A OAKS OF LOUISIANA | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Now before the Court is Defendant's Motion to Strike Plaintiff's Claims For Failure To Exhaust All Administrative Remedies [Record Document 44]. This motion seeks to have the Court strike claims by Plaintiff that Defendant alleges were not investigated by the Equal Employment Opportunity Commission ("EEOC") or were prescribed prior to the filing of the EEOC charge of discrimination. For the reasons announced herein, Defendant's motion is **DENIED**.

I. **Background**

Plaintiff, Cynthia Draper ("Draper"), brought this suit arising out of her employment at Savannah at the Oaks, Willis-Knighton's senior assisted living facility. In her complaint, Draper, a black female, alleges that her supervisor, Janice Latvala ("Latvala"), a white female, subjected her to discrimination, retaliation, and a hostile working environment. Plaintiff's discrimination claim was dismissed on summary judgment, but her claims of retaliation and hostile work environment remain. Record Document 41.

At a status conference in April 2017, the Court noted that Defendant's answer claims that portions of Plaintiff's allegations are beyond the scope of her EEOC charges. The Court

instructed that if Defendant intended to raise this issue, it must do so by May 1, 2017. Record Document 39. Defendant then filed this Motion to Strike, alleging that Plaintiff's Title VII claims that were not raised before the EEOC must be dismissed.

## II. Law & Analysis

Because Defendant's motion raises issues of both timeliness and scope, this Court's exhaustion analysis will consider both as to each of Plaintiff's remaining claims.

An employee seeking judicial relief from proscribed discriminatory employment practices must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC no more than 300 days after the alleged discriminatory employment action occurred. Lavigne v. Cajun Deep Foundations, L.L.C., 654 F. App'x 640, 643 (5th Cir. 2016); Mack v. John L. Wortham & Son, L.P., 541 F. App'x 348, 358 (5th Cir. 2013); Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006). Additionally, the scope of a plaintiff's complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. Mack, 541 F. App'x at 358. This standard is intended to further two competing Tile VII policies. First, because the provisions of Title VII were not designed for sophisticated complainants, the scope of an EEOC complaint should be construed broadly. However, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, and Title VII contemplates that "no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." Pacheco, 448 F.3d at 788-89 (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 467 (5th Cir. 1970)). A court

analyzing the scope issue must engage in a "fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." Pacheco, 448 F.3d at 789.

Plaintiff filed her official charge of discrimination on April 4, 2014. Record Document 46-2, p. 23. Three hundred days prior to this date would be June 18, 2013. Plaintiff argues that her earlier intake questionnaire should constitute a charge for timing purposes. The Fifth Circuit "has recognized that an intake questionnaire that informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent is sufficient to set the administrative machinery in motion." Conner v. Louisiana Dep't of Health & Hosps., 247 F. App'x 480, 481 (5th Cir. 2007) (quotation omitted). Here, Draper's intake questionnaire, received on December 13, 2013, appears to meet these conditions. The questionnaire identifies the parties and describes some of the alleged problematic conduct. Record Document 46-2, p. 18-21. Furthermore, the records provided to the Court indicate that the EEOC notified Defendant of the charge. Id. at 17, 30. The Court may thus consider the intake questionnaire for timing purposes. See Redford v. KTBS, LLC, 135 F. Supp. 3d 549, 557 (W.D. La. 2015) (finding similarly). Three hundred days prior to receipt of the intake questionnaire on December 13, 2013 is February 16, 2013. Thus, February 16, 2013 is the operative date for any timeliness analysis.

As to Plaintiff's retaliation claim, this claim has been exhausted. First, Plaintiff was terminated on June 19, 2013, which is clearly within the time period for filing a charge

based on this act. Record Document 47-1, p. 5. This claim was also within the scope of the EEOC investigation. On her intake questionnaire, Plaintiff indicated that she was "discharged wrongfully," and on her formal charge of discrimination, she indicated that she was retaliated against for "opposing practices made unlawful under Title VII . . . ." Record Document 46-2, p. 19, 23. Additionally, notes within the EEOC file contain the line: "Retaliation: Ms. Latvala was upset that I went to HR . . ." Id. at 14. Thus, Plaintiff's claim of retaliation based on her discharge was exhausted.

As to Plaintiff's hostile work environment claim, Defendant argues that Plaintiff failed to plead sufficient facts to the EEOC to show a continuing violation and thus her complaint as to the hostile work environment claim is both outside the scope of the investigation and prescribed. Plaintiff argues that she made sufficient allegations to the EEOC to exhaust this claim and the continuing violation doctrine applies, such that the claim was also timely.

Plaintiff's hostile work environment claim has already survived summary judgment. That claim was based on Latvala's alleged behavior, which included continuous racist and derogatory comments, following Plaintiff, and raising her voice at Plaintiff. See Record Document 41. Plaintiff reported in her charge of discrimination that she was subjected to harassment and bullying by Latvala. Record Document 46-2, p. 23. The intake questionnaire similarly indicates harassment, bullying, and wrongful discharge. Id. at 19. Plaintiff complained on her questionnaire that Latvala "likes to show her authority by screaming and yelling at employee and making racist remarks while trying to belittle employee using aggressive attitude and behavior. Examples that also include constant

following and harassment." Id. Notes in the file also detail specific comments allegedly made by Latvala. A note in the file states that Latvala was "always making racist remarks, i.e., (1) Girl where you been; (2) Girl where were you; (3) black men always go to jail; (4) Blacks are Getto [sic]; (5) blacks wear rags on their head; [and] (6) Black men don't keep jobs." Id. at 14. The notes indicate that the behavior was "ongoing" during Draper's two years of employment, that she reported the behavior, and that Latvala was upset that Draper "went to HR." Id.

Defendant argues that the EEOC investigation did not encompass a continuos hostile work environment claim such that activity falling outside of the 300 day period is not covered. This Court disagrees. The continuing violation doctrine "provides that when a plaintiff alleges a hostile work environment claim, as long as an employee files her complaint while at least one act which comprises the hostile work environment claim is still timely, the entire time period of the hostile environment may be considered by a court for the purpose of determining liability." Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll., 850 F.3d 731, 736 (5th Cir. 2017), as revised (Mar. 13, 2017) (citations and internal quotations omitted). "Hostile environment claims are 'continuing' because they involve repeated conduct, so the 'unlawful employment practice' cannot be said to occur on any particular day." Id. at 737. Such claims have been described as "the cumulative effect of a thousand cuts," such that while a plaintiff may not have a claim based on one single act, the overall effect of the conduct may be actionable. Id.

In Stewart v. Mississippi Transportation Commission, 586 F.3d 321, 328 (5th Cir.

2009), the Fifth Circuit identified three limits on the continuing violation doctrine: "(1) the plaintiff must demonstrate that the separate acts are related; (2) the violation must be continuing; intervening action by the employer, among other things, will sever the acts that preceded it from those subsequent to it; and (3) the doctrine may be tempered by the court's equitable powers, which must be exercised to 'honor Title VII's remedial purpose without negating the particular purpose of the filing requirement.'" Heath, 850 F.3d at 738 (citing Stewart, 586 F.3d at 328). In Heath, the Fifth Circuit used this standard to determine whether a hostile work environment claim involved a continuing violation. Applying the same standard here, Draper's claim qualifies as a continuing violation. The acts forming the basis of Drapers' hostile work environment claim are all related and carried out by the same individual. Draper alleges the behavior was ongoing throughout her two years of employment and that nothing was done by her employer to intervene. Finally, as in Heath, Defendant has pointed to no equitable consideration that should prevent the Court from considering the full scope of the continuing conduct. Defendant complains that certain comments alleged to have been made by Latvala were not included within the EEOC file, but the file does contain some of comments, as detailed above, as well as the allegation that Latvala was "always" making the comments. Because Plaintiff's allegations, if true, could constitute a continuing violation, and because the acts constituting the hostile work environment claim were covered in the investigation, Plaintiff has exhausted this claim. Similarly, and for these same reasons, Plaintiff's retaliation claim based on acts covered within her hostile work environment claim were also exhausted.

## III. Conclusion

For the reasons announced above, Defendant's Motion to Strike [Record Document 44] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 24th day of August, 2017.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE